IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| | ) | CASE NO. 12-23419(RDD) |
| STEPHEN SANTERAMO, | ) | |
| JOANN SANTERAMO | ) | |
|     Debtors. | ) | |
| _____ | ) | |
| | ) | |
| | ) | ADV. PROC. NO.13-_____(rdd) |
| STEPHEN SANTERAMO, | ) | |
| JOANN SANTERAMO | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| SELECT PORTFOLIO SERVICING, INC., and | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| AS TRUSTEE, ON BEHALF OF THE HOLDERS | ) | |
| OF THE ASSET BACKED PASS-THROUGH | ) | |
| CERTIFICATES, SERIES RFC 2007-HE1 | ) | |
| | ) | |
|     Defendantss. | ) | |

**FIRST AMENDED COMPLAINT OF THE DEBTORS PURSUANT TO 11 U.S.C. SECTION 506(A)AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM AND COMPLAINT FOR DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

**1.1**  This is an action for actual and punitive damages filed by the Debtors / Plaintiffs Stephen Santeramo and Joann Santeramo, a married couple, (hereinafter "Plaintiffs" or "Debtors") pursuant to Sections 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules 2016(a), 3001, 7001(1), 7001(2), 7001(7), 7001(8) and 7001(9) of the Federal Rules of Bankruptcy Procedure to determine the interest of the Defendants in the residential real estate of the Debtors and determine the amount of the allowed secured claim, if any, of the Defendants.

1

**1.2** This Complaint focuses on the improper accounting of escrow, fees, charges and misapplication of payments by Select Portfolio Servicing , Inc. in its claims as purported servicer against the Debtors' estate for improper amounts owed as certified by employees of Select Portfolio Servicing , Inc. and its attorneys.

**1.3** This complaint focuses on the improper add on charges and fees reflecting in the Defendants' proof of claim.

**1.4** This Complaint focuses on the fraud perpetrated on the Court and the Plantiffs by filing a false proof of claim together with fraudulent documents in support thereof and the Defendants' fraudulent misrepresentation of the owner of the Debtors' Mortgage Loan and the identity of the real party in interest.

## II.    PARTIES

**2.1** The Plantiffs in this case were and are Debtors under Chapter 13 of Title 11 of the United States Code in case number 12-23419(rdd), which case was filed on August 4, 2012 and is presently pending before this Court.

**2.2** The Defendant, Select Portfolio Servicing , Inc. is a corporation that services residential mortgage loans. Defendant Select Portfolio Servicing , Inc. is headquartered in Salt Lake City, Utah. Select Portfolio Servicing , Inc. purports to be the mortgage servicer of the mortgage loan debt which is subject of this complaint. Select Portfolio Servicing , Inc. may be served at 3815 SW Temple, Salt Lake City, UT .

**2.3** The Defendant "U.S. Bank National Association, As Trustee, On Behalf Of The Holders Of The Asset Backed Pass-Through Certificates, Series RFC 2007-HE1" (the "Trust" or "Claimant" or "Defendant Trust") is a securitized common law trust governed and formed by

2

the laws of the State of New York . The Trust may be served at U.S. Bank National Association, 60 Livingston Avenue EP-MN-WS3D, St. Paul, Minnesota 55107-2292

### III.    COMPLAINT

#### A.  JURISDICTION

3.1    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

3.2    Jurisdiction is further conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

3.3    This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3.4    This Court has supplemental jurisdiction to hear all state law claims, if any, pursuant to Section 1367 of Title 28 of the United States Code.

3.5    The Plantiffs s are informed and believe that this matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plantiffs consent to the entry of a final order by the Bankruptcy Judge.

#### B.  VENUE

3.6    Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### C. ADDITIONAL FACTS

**3.7** On or about September 25, 2006 non-party "Peoples Choice Home Loan, Inc.," (hereinafter "Peoples Choice" or "Originating Lender") made a mortgage loan to Plantiffs pertaining to their primary residence located at 321 Washington Avenue, New Rochelle, NY 10801 (the "Property"), referred to in this Complaint as the "First Mortgage Loan."

**3.8** In connection with the First Mortgage Loan the Plantiffs, based on information and belief, executed a promissory note (the "First Mortgage Note") in the original principal amount of $400,000.00 payable to Peoples Choice.

**3.9** The First Mortgage Note was secured by a Mortgage on the Property dated September 25, 2006 and based upon information and belief, is recorded in the Westchester County, New York, Office of the County Clerk (the "First Mortgage"), which named Peoples Choice Home Loan, Inc. as the Lender.

**3.10** The First Mortgage Loan is a consumer credit transaction within the meaning of, and subject to the Truth In Lending Act.

**3.11** The First Mortgage Loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

### COUNT 1

### IV.    OBJECTION TO PROOF OF CLAIM

**4.1** The allegations of paragraphs 1.1 through 3.11 of this Complaint are hereby re-alleged and incorporated by reference.

**4.2** On or about October 10, 2012, Select Portfolio Servicing , Inc. filed Proof of Claim Number 6-1 identifying the Trust as the creditor and itself as the party to contact for notice

purposes. Select Portfolio Servicing , Inc attached the following documents in support of its claim:

    a. "Mortgage Proof of Claim Attachment" indicating allegations of amounts owed including unsubstantiated fees, charges, title costs, attorney fees, broker price opinions, inspection fees and interest on advances;

    b. A Mortgage Escrow Statement dated September 10, 2012;

    c. A purported copy of the Debtors' Mortgage together with recording page, naming Peoples Choice as the Lender;

    d. A purported copy of the Debtors' Note naming Peoples Choice as the Lender and further naming both Plaintiffs, (ie., Stephen Santeramo and Joann Santeramo) as the Borrowers;

    e. A blank page bearing a single endorsement which reads as follows:

"Pay to the Order of Residential Funding Company, LLC, without recourse, Peoples Choice Home Loan Inc. a Wyoming Company, By Dana Lantry, Asst. Vice President"

    f. A page entitled "Allonge to Promissory Note" naming on one of the Plaintiffs as a borrower and bearing a purported endorsement in blank; the debtor avers this Allonge is not an indorsement to the promissory Note and is a false document intended to entice the court's reliance on the same, for reasons set forth herein below;

    g. A Fixed Rate Adjustable Rider together with a property description; and

    h. A purported "Corrective Corporate Assignment of Mortgage" ( hereinafter the "Assignment") together with a copy of a recording page for the Westchester County land records. Said Assignment names the Assignor as "Mortgage Electronic Registration Systems Inc. ("MERS") as Nominee for Peoples Choice Home Loan: and the Assignee is named as U.S. Bank National Association, As Trustee, On Behalf Of The Holders Of The Asset Backed Pass-

5

Through Certificates, Series RFC 2007-HE1. Said Assignment further indicates it is "correcting" the name of an assignor on an assignment recorded on May 14, 2010, two years prior to the instant Assignment. The assignment recorded in the land records for Westchester County in April 2010 is signed by Mr. Bill Koch who liists his return address as that of the Defendant, Select Portfolio Serviciing Inc. in Salt Lake City, UT and is notarized by Kimberly Clark in Salt Lake County, UT. The Correcting Corporate Assignment presented with the proof of claim in the instant case purports to assign the Debtor's mortgage. Said Assignment is signed by Greg Ott as Vice President of MERS and in Salt Lake County, Utah. Notably, the copy of the assignment provided to the Court is missing the Notary signature, however the alleged notary is identified at the bottom of the document as "Kimberly Clark." The Corrective Corporate Assignment of Mortgage attached to the proof of claim is not recorded with the Westchester County Land Records.

**4.3** Based upon information and belief, the Debtors aver that Greg Ott and Kimberly Clark were actually employed by Defendant Select Portfolio Servicing and that the Assignment is not valid, it is a false and/or otherwise fraudulent document.

**4.4** The Debtors aver that the Assignment presented in this case at the direction of one or more of the Defendants and/or at the request and direction of agents and/or attorneys for Defendant Select Portfolio Servicing , Inc. and/or the Defendant Trust.

**4.5** One or more of the Defendants and its/their respective attorneys and agent(s)at all times relevant knew or should have known the Assignment is a false document.

**4.6** One or more of the Defendants and its/their respective attorneys and agents submitted the Assignment, a false document, for the purpose of enticing the reliance of the Court, the Debtors, Chapter 13 Trustee and all interested parties.

**4.7** One or more of the Defendants and its/their respective attorneys and agents submitted the Assignment, a false document, for the purpose of filing a false proof of claim.

**4.8** One or more of the Defendants and its/their respective attorneys and agents submitted the Assignment, a false document, for the purpose of violating 11 U.S.C. 362(a) in seeking to collect a debt not owed to Select Portfolio Servicing , Inc..

**4.9** Plantiffs object to the Proof of Claim 6-1 on the following grounds:

**4.10** The Note affixed to the proof of claim as per FRBP 3001(c) and FRBP 9011 to be a duplicate of the original. The Note attached to the proof of claim in this case is in favor of People's Choice Home Loan , Inc and is otherwise not endorsed to the Claimant. Despite passage of time, no further proof of indorsement or any documentation to support any connection whatsoever between the named creditor and the Note has been offered by way of amendment to the Proof of Claim filed by the Defendants. The purported Allonge presented to the Court is not permanently affixed to the Note and the wet ink original Allonge is purportedly missing so that only a Xerox copy is available.

**4.11** The Mortgage affixed to the to the proof of claim is required and certified to be true copy of the original as per FRBP 3001(c) and 9011 to be a duplicate of the original. The Mortgage is in favor of the lender, Peoples Choice Home Loan, Inc., not the named creditor. There is no valid assignment of mortgage attached to the proof of claim except for what the Debtors aver to be a bogus robo-signed assignment of mortgage and despite passage of time, the same has not been amended. The named creditor does not maintain a valid lien on the Debtors' property.

**4.12** The alleged Corporate Assignment of Mortgage purports to assign the debtors' Mortgage via MERS as nominee for People's Choice Home Loans, Inc. on April 4, 2012. The Debtors aver this assignment to be problematic because Peoples Choice Home Loans, Inc. filed

7

for Chapter11 bankruptcy in March 2007. The bankruptcy case was filed as a companion case to a related filing and the case numbers are In re People's Choice Funding Inc., 07-10767; and In re People's Choice Home Loan Inc. 07-10765, U.S. Bankruptcy Court, Central District of California (Santa Ana). As per the Bankruptcy Court records, the two cases were transferred to the Los Angeles division of the Central District and ultimately a liquidating plan was confirmed on August 6, 2008. What if any assets remained in 2012 and what if any authority MERS had to act as a nominee of a defunct liquidated entity is not apparent in the documents attached to the proof of claim.

**4.13** The Proof of Claim is padded with unsubstantiated and charges, designed to extract additional and substantial profits from the servicing of Debtors' mortgage loan and from the property of this bankruptcy estate to the detriment of Debtors and unsecured creditors.

**4.14** Claimant failed to attach any supporting documentation to support its claims for any of the charges and fees and add on expenses noted in the proof of claim. This failure to attach supporting documentation violated Bankruptcy Rule 3001(c).

**4.15** Upon information and belief, the claimed pre-petition inspection fees, BPO, late fees, NSF fees, Advanced Attorneys' fees and costs were neither reasonable nor necessary, are not supported by time and expense records, and have been claimed in violation of Section 506(b) of the code and Bankruptcy Rule 2016(a).

**4.16** Upon information and belief, Claimant does not have standing, and has not established that it acquired the note and the mortgage as required by law and Claimant has further failed its burden of proving the debt it alleges is owed to it.

## B. LACK OF STANDING / REAL PARTY IN INTEREST

**4.17** The allegations in paragraphs 1.1 through 4.16 of this complaint are realleged and incorporated herein by this reference.

**4.18** There is no documentation provided in Proof of Claim #6-1 proving a complete chain of title from the originating lender, Peoples Choice Home Loan Inc., to the Claimant.

**4.19** The creditor must prove that it is the real party in interest as the rightful owner and holder of both the Note and the Mortgage and that it has the legal right to enforce the same; Defendants have failed to meet this burden.

**4.20** There was no writing filed with the Proof of Claim demonstrating the purported creditor's interest on the property securing such claim in violation of B.R. 3001(c).

**4.21** There is no apparent chain of transfers attached to the proof of claim to explain how or when the purported creditor came to allegedly own the Debtors' loan.

**4.22** A federal Court cannot have jurisdiction unless a party has constitutional standing. The claimant fails to provide any credible evidence as to if and when a negotiation of the Note to the Creditor ever occurred.

**4.23** Defendants are therefore, neither a creditor or the real party in interest and have no standing to file the instant claim.

**4.24** Defendants have no constitutional standing to file its sworn proof of claim in the Plantiffs 's Chapter 13 case.

**4.25** In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of who can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court

system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**.* (emphasis added)

**4.26** A Proof of Claim is subject to Fed.Rules Bankr. Pro. 7017 which is a restatement of F. R. Civ. P. 17.

**4.27** The Plantiffs avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note owner is not stated and there is no connection between the named creditor and the copy of the Note provided, the Defendants' very claim is defective.

**4.28** In the case at bar, the claimant, Defendants establish only that they are neither the holder nor the owner of the note. Defendants fail to establish that it has a beneficial interest in the copy of the Note, or that it ever had a beneficial interest in the copy of the Note affixed to its proof of claim.

**4.29** The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Contreversies." Justice Powell delivered the Opinion of the Supreme Court in the case of <u>Warth v. Seldin</u> addressing the question of standing in a federal court as follows:

> In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the Plantiffs has made out a ―case or controversy‖ between himself and the Defendants within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the Plantiffs has ―alleged such a personal stake in the outcome of the controversy‖ as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. <u>Baker v. Carr</u> 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the

complaining party…A Federal court's jurisdiction therefore can be invoked only when the Plantiffs himself has suffered ―some threat or actual injury resulting from the putatively illegal action…‖ <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973).‖ <u>Warth v. Seldin</u> 422U.S.490, 498 (1975)

Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the Plantiffs has alleged injury sufficient to meet the ―case or controversy‖ requirement, this Court has held that the **Plantiffs generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).‖ <u>Warth v. Seldin</u> 422U.S.490, 499 (1975) (**emphasis added**)

4.30    The Plantiffs in the instant case reiterate that a party seeking relief in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." <u>Coyne v American Tobacco Company</u>, *183 F.3d 488, 494 (6th Cir. 1999)*. Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. <u>Valley Forge Christian College v Americans United for Separation of Church & State, Inc.</u>, *454 U.S. 464, 473 (1982)*. Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. <u>Coyne</u>, *183 F.3d at 494;* <u>Valley Forge,</u> *454 U.S. at 472*.

4.31    As set forth hereinabove, the claimant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does claimant make any mention of any perceived injury to itself.

4.32    Defendants have not shown that the named creditor has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate themselves as an owner

11

of the Plantiffs's loan has been by way of fraudulent and misleading documents by persons who lack any personal knowledge.

**4.33**   Defendants must demonstrate *how, when and from whom* it derived their alleged rights. In re Tandala Mims, 10- 14030(mg/scc), the Hon. Judge Martin Glen denied Wells Fargo's first attempted Motion for Relief from Stay on the Court's own motion in a written opinion dated October 27, 2010.  Thereafter, Wells Fargo renewed its motion a second time, claiming, in part, possession of the original note endorsed in blank.  The court was not convinced, stating in its December 9, 2010 Order denying Wells Fargo's Renewed Motion for Relief From Stay as follows:

> "With respect to the assignment of the note and mortgage, the October 27 Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion does not in and of itself indicate bad faith. However, in the absence of a credible explanation, *describing how, when and from whom Wells Fargo derived its rights, relief from the stay will not be granted.*' Mims, 438 B.R. at 57 (emphasis added). The Renewed Motion provides some but not all of this information."

A copy of Judge Glenn's order denying Wells Fargo's Renewed Motion for Relief from Stay appears in the Mims ECF Docket as Document #42.

**4.34**   In the instant case as in the Mims case, there is a complete lack of any credible explanation describing how, when and from whom Defendants derived any rights.  There is a clear question of fact as to the issue of Defendants standing to bring a claim.

**4.35**   To the extent Select Portfolio Servicing, Inc. filed the Proof of Claim, it constitutes a gross and willful violation of the Automatic Stay pursuant to 11 U.S.C. section 362(a)(3) by the Defendants.

**4.36**   As a result of the violation of the automatic stay as described herein, all Defendants are liable to the Plantiffs for actual damages, punitive damages and legal fees under 362(k)(1) of the Bankruptcy Code.

## V.     CLAIM FOR RELIEF: DECLARATORY JUDGMENT

**5.1**     The allegations in paragraphs 1.1 through 4.36 of this complaint are realleged and incorporated herein by this reference.

**5.2**     At no time relevant to the allegations herein was the claimant identified in the proof of claim the actual holder and the lawful owner of the mortgage note originally signed by the Plantiffs .

**5.3**     Therefore, the Defendants have no constitutional standing to file a claim or otherwise participate in this Chapter 13 proceeding.

**5.4**     Because the Defendants are not the actual holder and lawful owner or assignee of the mortgage, Defendants have no security interest, and no right to seek to collect money from Plantiffs .

**5.5**     As a result thereof the Defendants should be ordered to pay back to the Chapter 13 Trustee all funds received on the arrearage claim and all funds received from the Plantiffs in the form of direct mortgage payments, pre and post-petition.

**5.6**     Plantiffs seeks a declaratory judgment holding that neither Defendant has an enforceable secured or unsecured claim against the property of the estate in bankruptcy; and

**5.7**     Plantiffs also seeks a judgment declaring Defendants' claimed security interest void pursuant to 11 U.S.C. § 506(d).

## VI.     CLAIM FOR RELIEF: FRAUD ON THE COURT INCLUDING FALSE AND FRAUDULENT PROOF OF CLAIM

**6.1**     The allegations in paragraphs 1.1 through 5.7 of this complaint are realleged and incorporated herein by this reference.

13

**6.2** The proof of claim filed by Select Portfolio Servicing , Inc. and/or by U.S. Bank National Association, As Trustee, On Behalf Of The Holders Of The Asset Backed Pass-Through Certificates, Series RFC 2007-HE1 was false and fraudulent for the following reasons:

A. It included a copy of a Note not payable to U.S. Bank National Association, As Trustee, On Behalf Of The Holders Of The Asset Backed Pass-Through Certificates, Series RFC 2007-HE1 and bearing no endorsement to U.S. Bank National Association, As Trustee, On Behalf Of The Holders Of The Asset Backed Pass-Through Certificates, Series RFC 2007-HE1 ;

B. U.S. Bank National Association, As Trustee, On Behalf Of The Holders Of The Asset Backed Pass-Through Certificates, Series RFC 2007-HE1 does not actually own the Plantiffs s' note or have constitutional standing to file a proof of claim;

C. It includes fees that were excessive, unsubstantiated and/or that were neither reasonable nor necessary;

D. It includes a false and/or otherwise fraudulent and/or otherwise invalid Assignment of Mortgage.

**6.3** This Court has authority under 11 U.S.C. § 105(a) to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

**6.4** The Court should impose sanctions on Defendants for filing an improper claim in this case. Plaintiffs therefore requests that Court invoke the powers granted to it by 11 U.S.C. § 105(1) and issue such order, process or judgment necessary to address the fraud of the Defendantss and to prevent any future fraud or abuse of process. In the alternative, the Plantiffs requests this Court to waive the pre-notice time requirements of Rule 9011 of the Bankruptcy Rules and to impose sanctions under that Rule.

**WHEREFORE**, Plantiffs prays:

A. That the Court disallow, expunge and strike the Proof of Claim Number 6-1;

B. That the Court direct the Chapter 13 Trustee to strike the Proof of Claim;

C. That Select Portfolio Servicing , Inc. and U.S. Bank National Association, As Trustee, On Behalf Of The Holders Of The Asset Backed Pass-Through Certificates, Series RFC 2007-HE1 be precluded from filing any amended, modified, or substitute claim in this case;

D. That the alleged arrearages contained in the Proof of Claim be canceled and forever discharged;

E. That Claimant be required to pay legal fees and expenses to the attorney for Plantiffs ;

F. That the Claimant provide a complete accounting of the Debtors' mortgage loan account, forthwith.

G. That Defendantss claimed security interest be declared void pursuant to 11 U.S.C. § 506(d); and

H. That Plantiffs s have such other and further relief as the Court may deem just and proper.

WHEREFORE, Plantiffs prays that the Court grant the relief requested herein.

This the 10th Day of April, 2013

                                            RESPECTFULLY SUBMITTED,
                                            /S/ LINDA M. TIRELLI
                                            Linda M. Tirelli, Esq.
                                            Garvey Tirelli & Cushner, Ltd.
                                            Attorney for Debtors
                                            50 Main Street, Suite 390
                                            White Plains NY 10606
                                            Phone: (914)946-2200/Fax: (914)946-1300